McDONALD, Chief Justice.
On its own initiative the Court has determined that we should adopt a new rule of criminal procedure to address specifically postconviction and collateral relief sought by prisoners for whom death warrants have been signed. See art. V, § 2, Fla. Const.
Prior to 1979, death warrants were immediately effective for one week when signed. This procedure received considerable criticism because it did not allow sufficient time for the parties to have any meaningful access to the courts. In late 1979 then-Governor Graham began the practice of signing death warrants to be effective for a week certain approximately thirty days after the signing in order to allow a more orderly progression of events. This has occurred in some cases, but in numerous instances petitions and motions for postconviction relief have been and are being filed scant days, and even hours, before scheduled executions. Such late filings leave little time for judicial consideration and have resulted in many stays of execution simply because the courts, both state and federal, have had insufficient time to rule.
In order to provide a more orderly procedure and give the courts a more reasonable time to consider postconviction and collateral relief claims, we adopt rule 3.851 to address collateral relief proceedings after a death warrant is signed.
Florida Rule of Criminal Procedure 3.851 is created to read as follows:

Rule 3.851 Collateral Relief After a Death Warrant is Signed.

(a) When a death warrant is signed for a prisoner and the warrant sets the execution for at least sixty days from the date of signing, all motions and petitions for any type of postconviction or collateral relief shall be filed within thirty days of the date of signing. Expiration of the thirty-day period procedurally bars any later petition unless it is alleged (1) that the facts upon which the claim is predicated were unknown to the movant and could not have been ascertained by the exercise of due diligence prior to the end of the thirty-day period, or (2) the fundamental constitutional right asserted was established after the thirty-day period expired and has been held to apply retroactively. The court with which any such motion or petition is filed shall consider and rule on it forthwith.
(b) The time for filing motions for rehearing from orders entered upon motions and petitions filed pursuant to paragraph (a) shall be two days and the court shall rule promptly on any motion for rehearing. The time for filing a notice of appeal from orders entered upon any motions or petitions filed pursuant to paragraph (a) shall be three days.
The new rule is predicated on the governor’s signing death warrants for a week certain at least sixty days in the future. It is intended that all filings — including rule 3.850, habeas corpus, and writ of error coram nobis, for example — must be made within thirty days of a warrant being signed. The courts to which such filings are directed will rule on them as soon as possible. The times for filing appeals and for rehearing have been shortened to allow subsequent courts time to act, if necessary.
*321 The Court believes this rule is necessary to provide more meaningful and orderly access to the courts when death warrants are signed. The rule will be published in the Florida Bar News, and interested parties are invited to comment on and make suggestions regarding the rule, directed to the Court, by March 15, 1987. The rule will be effective at 12:01 a.m., April 1,1987, unless directed otherwise by this Court.
It is so ordered.
OVERTON, EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs specially with an opinion.